UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE D. LEWIS (#671011),

        Plaintiff,

v.

FNU OYEDEJI,

        Defendant.
_____/

Case No. 2:23-cv-10874
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 20)

**A.  Instant Motion**

Plaintiff, an incarcerated individual, is proceeding *in forma pauperis*.  (ECF Nos. 1, 2, 4.)  Currently before the Court is Plaintiff's March 29, 2024, motion to appoint counsel (ECF No. 20.)  Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings.

**B.  Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case

convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1] Accordingly, although the Court has the statutory

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

2

authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C.     Analysis**

   **1.     Probable merit of Plaintiff's claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendant Oyedeji. Due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. The Court entered an initial scheduling order on February 28, 2024, with discovery due by September 27, 2024, and a dispositive motion cut-off set for October 28, 2024. (ECF No. 19.) Dispositive motions have yet to be filed or decided; therefore, it is too early to know if the case is going to trial on the merits. If this case should

proceed to trial, the Court can revisit whether to recruit counsel, and it generally does so at that juncture.

   2.   **Nature of the case and complexity of the issues**

Plaintiff initiated this lawsuit following being denied access to the restroom by Defendant, leading to involuntary defecation and rectal bleeding. (ECF No. 1, PageID.3 ¶¶ 11-13.) Plaintiff's legal claims are based on Eighth Amendment deliberate indifference to serious medical needs and cruel and unusual punishment. (ECF No. 1, PageID.1 ¶ 1.) It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants. The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 and Eighth Amendment violations are common in prisoner or arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex).

   3.   **Indigency and ability of Plaintiff to represent himself**

Plaintiff contends that he is unable to afford legal counsel. Unfortunately, that is all too common among prisoners and many other non-incarcerated individuals; however, indigency alone does not entitle a party to appointment or

recruitment of counsel in civil suits, unlike in criminal cases, where the Sixth Amendment provides for it. *See Gideon v. Wainwright*, 372 U.S. 335 (1963). The Court has reviewed Plaintiff's other filings, including: (a) his complaint (ECF No. 1); (b) his application to proceed without prepaying fees or costs (ECF No. 2), which the Court granted (ECF No. 4); (c) his motion to remove case from early mediation (ECF No. 8), which the Court granted (ECF No. 9); and, (d) the instant motion (ECF No. 20). The Court finds that Plaintiff has already illustrated his ability to properly communicate with the Court within the instant action. Thus, Plaintiff does not seem incapable of understanding legal proceedings, nor incapable of adhering to the Court's rules and procedures. Indeed, his initial pleadings are quite clear, and did not result in a defense motion under Fed. R. Civ. P. 12, unlike many prisoner cases.

While the Court recognizes the difficulty of pursuing litigation while indigent and incarcerated, it is not enough to justify the appointment of counsel here. There is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded. In any case, and

5

unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance."

Plaintiff also points out that his typewriter was "lost/stolen/damaged in shipping" when he was repeatedly transferred between correctional facilities. (ECF No. 20, PageID.56.)  He is concerned that he will have to submit only handwritten filings to the Court.  While the Court *greatly* appreciates his desire for neat and readable filings, handwritten court filings are not unusual for prisoners, and Plaintiff has been blessed with clear, legible handwriting, so the Court has been able to follow his arguments quite well.[2]

**D.**     **Order**

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 20) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

---

[2] In *Gideon, supra*, it was a handwritten, *pro se* petition to the Supreme Court of the United States that ultimately resulted in the Sixth Amendment right to appointment of government funded counsel in criminal cases.  *See* https://www.uscourts.gov/educational-resources/educational-activities/facts-and-case-summary-gideon-v-wainwright

**IT IS SO ORDERED.**[3]

Dated: July 22, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).