UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE LEWIS,

    Plaintiff,

v.

TEMITOPE OYEDEJI,

    Defendant.
_____/

Case No. 23-cv-10874
Hon. Linda V. Parker

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 32)

This matter is before the Court on Defendant Oyedeji's motion for summary judgment. (ECF No. 32.) The motion is fully briefed. (ECF Nos. 34, 36.) The Court finds that oral argument will not aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the following reasons, the motion for summary judgment is **GRANTED**.

**I.    BACKGROUND**

The evidence presented in this case includes: (1) Lewis's OTIS report; (2) the declaration of Oyedeji; (3) Lewis's deposition transcript; and (4) a series of videos of the events in question. The Plaintiff, Archie Lewis, is an incarcerated individual who, as of January 24, 2025, has been housed at the Chippewa

Correctional Facility. The Defendant, Temitope Oyedeji, is a corrections officer at the Macomb Correctional Facility ("MRF"). The events at issue in this case occurred at MRF on November 26, 2022. (ECF No. 32-3, PageID.125.)

On November 26, 2022, Lewis was working as a porter in the visiting room where Oyedeji was on duty. (ECF No. 34-1, PageID.166.) During the shift, Oyedeji escorted Lewis to the bathroom at approximately 2:40 or 2:50. (*Id.*) Lewis testified that he repeatedly requested that Oyedeji take him to the restroom again from 3:00 to 3:15 and that it was an emergency due to his medical condition. (*Id.* at PageID.167.) Oyedeji instructed him to sit on a bench in the visiting room to wait until the end of count time, which began at 3:30 and lasted until 4:16. (ECF No. 32-3, PageID.125-126.) Lewis testified that while he was waiting on the bench, he defecated on himself at approximately 3:50 and was ultimately escorted to the restroom by Oyedeji at 4:30. (ECF No. 34-1, PageID.167-68.) In total, Lewis had to wait approximately an hour and a half to use the restroom. (*Id.*)

Notably, Lewis had surgery shortly before the events at issue for a condition which required him to take frequent bathroom trips, and he testified that he had informed Oyedeji of this condition. (ECF No. 34-1, PageID.163.) Additionally, Lewis testified that before the events at issue Oyedeji delayed in escorting him to the restroom on another occasion, which exacerbated his medical condition. (*Id.*) The video of the visiting room runs from timestamp 4:14 until 5:30 and shows

2

Lewis being escorted to the restroom at approximately 4:25 and 5:17. Oyedeji disputes Lewis's version of events and states that Lewis did not inform him of his medical condition or ask to use the restroom at 3:15. (ECF No. 32-3, PageID.125.) He confirms that he escorted Lewis to the restroom around 4:30. (*Id.*)

## II.  STANDARD

The Federal Rules of Civil Procedure provide that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). That is, the non-moving party must provide specific facts to rebut or cast doubt on the moving party's proffered facts.

3

Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322–323.

### III. ANALYSIS

The Court adopts Lewis's version of the disputed facts for the purposes of summary judgment and assumes: (1) Lewis was denied the restroom for approximately an hour and a half; (2) Oyedeji knew of Lewis' medical condition; and (3) Oyedeji previously delayed in letting Lewis use the restroom. Oyedeji argues summary judgment must be granted in his favor as he is entitled to qualified immunity, which Lewis disputes. Qualified immunity shields an officer from personal liability and civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Hall v. Navarre*, 118 F.4th 749, 759 (6th Cir. 2024) (same).

The qualified immunity analysis consists of a two-step inquiry: (1) whether a constitutional right has been violated and (2) whether that right was clearly

4

established at the time of the violation. *See Pearson*, 555 U.S. at 232; *Getz v. Swoap*, 833 F.3d 646, 652 (6th Cir. 2016). Both prongs must be established for the claim to go before a jury and the court may address them in whichever order it chooses. *See Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013); *Pearson*, 555 U.S. at 236.

While the Court must adopt the plaintiff's version of the facts when evaluating qualified immunity on a motion for summary judgment, *see Regets v. City of Plymouth*, 568 F. App'x 380, 386 (6th Cir. 2014), the plaintiff bears the ultimate burden of showing that a defendant is not entitled to immunity. *See Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002). Plaintiff thus bears the burden of showing that the right was clearly established. *Cunningham v. Shelby Cnty., Tenn.*, 994 F.3d 761, 765 (6th Cir. 2021); *Bell v. City of Southfield, Michigan*, 37 F.4th 362, 367 (6th Cir. 2022). To do so, the plaintiff must point to "existing precedent" that has "placed the statutory or constitutional question beyond debate." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)).

When determining whether an individual's rights are clearly established for purposes of qualified immunity, "[t]he sources of clearly established law to be considered are limited. [Courts in this Circuit] look first to decisions of the Supreme Court, then to decisions of [the Sixth Circuit] and other courts within [the

Sixth] [C]ircuit, and finally to decisions of other circuits." *Martin v. City of Broadview Heights*, 712 F.3d 951, 961 (6th Cir. 2013). Additionally, courts "must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014)). Indeed, it "requires a high 'degree of specificity.'" *Id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015)).

Oyedeji cites a series of cases which found the denial of a restroom did not violate the Eighth Amendment in support of his argument that there was no clearly established right under these circumstances. *See Hartsfield v. Vidor*, 199 F.3d 305, 309-310 (6th Cir. 1999) (no violation when plaintiff was denied restroom, forced to sit in his own urine, and denied fresh drinking water for two 8-hour periods); *Stephens v. Carter Cnty. Jail*, 816 F.2d 682 (6th Cir. 1987) (no violation when plaintiff was denied bathroom for twenty hours); *Woodard v. Shillingsford*, No. 23-CV-11611, 2023 WL 6205430 at *8 (E.D. Mich. Sept. 22, 2023) (collecting cases); *Lamb v. Howe*, 677 F. App'x 204, 210 (6th Cir. 2017).

In response, Lewis cites *Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (unpublished), *Hope v. Pelzer*, 536 U.S. 730 (2002), and *Estelle v Gamble*, 429 U.S. 97, 106 (1976). However, as discussed below, none of these cases are

6

sufficient to find that the right was so well defined that a reasonable officer would know his conduct was unlawful in this case. *City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9, 12 (2021).

Although unpublished, *McNeal v. Kott*, 590 F. App'x 566, 571 (6th Cir. 2014) (unpublished) provides helpful and persuasive analysis as it surveys the cases in this area. In *McNeal*, an individual with a medical condition which required him to use the restroom frequently was repeatedly prevented from using the bathroom during count time. *Id.* at 568. Prison officials were aware of the plaintiff's medical condition and offered him incontinence pads, which he rejected. *Id.* The plaintiff subsequently soiled himself when he was not allowed to use the restroom during count time. *Id.* at 568.

In *McNeal*, the court found that there was no clearly established right in a case where the plaintiff was denied the use of the restroom for between thirty-three and forty-six minutes, despite the fact that the defendants were aware he had a medical condition which required frequent bathroom trips. *Id.* at 572. *McNeal* addressed two of the cases cited by Lewis in reaching this conclusion: *Pelzer* and *Tate*.

The *McNeal* court found that *Pelzer* was inapposite as it involved an individual who was tied to a hitching post for approximately seven hours, given water only once or twice, no bathroom breaks, and was taunted by guards. 536

7

U.S. at 735. *McNeal* found that "the gratuitous infliction of wanton and unnecessary pain" present in *Pelzer* was not present and as such the case was not enough to find a clearly established right. 590 F. App'x at 571. The same is the case here, nothing close to the level of gratuitous infliction of pain present in *Pelzer* occurred in this case, and consequently *Pelzer* is not enough to put a reasonable officer on notice that his actions were unconstitutional in this case.

*McNeal* also addressed *Tate,* where the court stated in dicta that "forcing a person in the custody or under the control of state authority to publicly soil themselves may create a constitutional violation" under the Eighth Amendment. 85 F. App'x at 417. However, the *McNeal* court found that when balanced against the published cases and the fact *Tate* ultimately denied the Eighth Amendment claim raised, rendering the cited statement dicta, it was insufficient to find the right clearly established. Such is the case here. When compared with the published cases involving similar circumstances where no violation was found and the fact the statement in *Tate* was dicta in an unpublished case, it is also insufficient to find the right clearly established in this case as unpublished Sixth Circuit cases are not enough to show that a right is clearly established. *Bell v. City of Southfield,* 37 F.4th 362, 368 (6th Cir. 2022).

Finally, Lewis points to *Estelle v Gamble*, 429 U.S. 97, 106 (1976). However, *Estelle* stands for the general proposition that establishes that deliberate

indifference to a serious medical condition violates the Eighth Amendment which is not sufficiently analogous to the claim in this case that it would put a reasonable officer on notice that his actions were unconstitutional. 429 U.S. at 104. Here, unlike *Estelle,* there is no allegation of an intentional delay, denial of care, or lack of access to prescribed care. *Id.*

The Court certainly does not commend Oyedeji's actions, which very well may have constituted a constitutional violation. However, there was no clearly established right at the time the incident occurred. A reasonable officer would not have been on warning at the time of the violation that his conduct was unconstitutional. Consequently, Lewis has not shown that Oyedeji violated his clearly established rights.

## IV. CONCLUSION

For the foregoing reasons, Oyedeji's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 14, 2025